David Krieger, Esq.
Nevada Bar No. 9086
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*LEON HARRIS, JR*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LEON HARRIS, JR., | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| MEDICAL DATA SYSTEMS, INC D/B/A MEDICAL REVENUE SERVICE | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, LEON HARRIS, JR, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by Defendant and its agents in their illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. Plaintiff Leon Harris, Jr. ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant MEDICAL DATA SYSTEMS, INC D/B/A MEDICAL REVENUE SERVICE ("MDS"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. MDS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to Summerlin Hospital (the "Creditor") for medical services.

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to MDS for collection, or MDS was employed by the Creditor to collect the Debt.

10. MDS attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>**MDS Engages in Harassment and Abusive Tactics**</u>

## FACTS

11. Plaintiff incurred the Debt to Creditor as a result of knee surgery.

12. In September 2018, Plaintiff received a bill from Creditor in the amount of $3,400.

13. Plaintiff contacted Creditor to inform it that his financial difficulties prevented him from paying the full amount.

14. Plaintiff and Creditor came to an agreement in which Plaintiff would pay $100 per month until paid.

15. Plaintiff paid $100 on the Debt in October and November 2018.

16. In December 2018, MDS sent Plaintiff a letter reiterating Plaintiff's Debt of $3,200, and offering to settle the Debt for a payment of $1,600 made before December 17, 2018 as follows:

> This statement reflects the Total Amount Due on your account. At this time, you have the opportunity to resolve this account for fifty percent (50%) off the Total Amount Due. This offer is only valid if the full compromise Amount indicated is received in our office in a single payment and is received in our office not later than the Due Date indicated. Partial payments are not acceptable under this offer.
>
> Revised Amount: $1,600.00
> Due Date: 12/17/2018

17. Plaintiff accepted MDS's offer and made a payment of $1,600 on December 11, 2018 in satisfaction of the Debt.

18. However, MDS continued seeking collection of the full amount of the Debt despite complete satisfaction through acceptance of MDS's terms and payment thereon.

19. Indeed, in an Experian credit report dated February 4, 2019, MDS reported Plaintiff's account was "Seriously past due date/assigned to attorney, collection agency, or credit grantor's internal collection department" and still had a "Past Due Amount" of $1,600 despite Plaintiff paying the account in full pursuant to the payment agreement Plaintiff and MDS reached.

20. This suit results from MDS's illegal collection.

## C. **Plaintiff Suffered Actual Damages**

21. Plaintiff has suffered and continues to suffer actual damages as a result of MDS' unlawful conduct.

22. As a direct consequence of MDS' acts, practices and conduct, Plaintiff suffered and continues to suffer from damage to his credit, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment as well as lost time in his efforts to resolve the Debt to no avail.

# COUNT I
# VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

23. MDS' conduct violated 15 U.S.C. § 1692e in that MDS engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

24. MDS' conduct violated 15 U.S.C. § 1692e(2) in that MDS misrepresented the amount of the Debt owed by Plaintiff and attempted to have Plaintiff pay more than the Debt owed to Creditor.

25. MDS' conduct violated 15 U.S.C. § 1692e(8) in that MDS communicated or threatened to communicate false credit information, including the failure to communicate that the Debt was "disputed", in an attempt to collect a debt.

26. MDS' conduct violated 15 U.S.C. § 1692e(10) in that MDS employed various false representations and deceptive means to collect a debt.

27. MDS' conduct violated 15 U.S.C. § 1692f in that MDS used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

28. The foregoing acts and omissions of MDS constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. Plaintiff is entitled to damages as a result of MDS's violations.

30. Plaintiff has been required to retain the undersigned as counsel to

protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment be entered against Defendant MDS awarding Plaintiff:

1. for actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);
2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. for punitive damages; and

…

…

…

…

4. for any other and further relief the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 5, 2019

                            Respectfully submitted,

                            By  /s/David Krieger, Esq.

David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*LEON HARRIS, JR*